UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORGE ROCHA, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CIT BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-05082-BLF<br><br>**ORDER GRANTING DEFENDANT CIT BANK, N.A.'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND DISSOLVING ORDER TO SHOW CAUSE**<br><br>[RE: ECF 29, 47] |

Plaintiffs Jorge Rocha and Anna Rocha bring this action against CIT Bank, N.A., fka OneWest Bank FSB, NBS Default Services, LLC, IndyMac Bank FSB, and OneWest Bank FSB. The action was initiated in state court and removed to this District based on diversity jurisdiction. Notice of Removal, ECF 1.[1] On September 22, 2017, Plaintiffs voluntarily filed a First Amended Complaint ("FAC"). FAC, ECF 24. Before the Court is Defendant CIT Bank, N.A.'s ("CIT Bank") motion to dismiss the FAC. Mot., ECF 30.

The Court attempted to hold a hearing on CIT Bank's motion to dismiss on February 8, 2018. Counsel for CIT Bank appeared but counsel for Plaintiffs failed to appear and did not inform the Court why an appearance was not possible. *See* ECF 45. The Court issued an Order to Show Cause why Attorney Patricia Renee Rodriguez should not be sanctioned for her failure to appear at the hearing. ECF 47. Ms. Rodriguez timely filed a declaration stating that she had experienced a medical emergency and had instructed her associate to set up an appearance attorney to appear at the hearing. ECF 50. However, her associate miscommunicated the location of the hearing to the appearance attorney. *Id.* Thus, no one appeared on behalf of Plaintiffs. In

---

[1] Before the action was removed, Plaintiffs dismissed Deutsche Bank National Trust Company. Notice of Removal ¶ 3.

1 light of Ms. Rodriguez's statements, the Court hereby DISSOLVES the Order to Show Cause.

2 The Court reminds the parties that it does not allow "appearance attorneys" not associated with

3 lead counsel to make a substitute appearance.

4 Pursuant to Civil Local Rule 7-1(b), the Court takes this matter under submission without

5 oral argument. Upon consideration of the briefing, and for the reasons set forth below, the Court

6 GRANTS CIT Bank's motion to dismiss without leave to amend.

**I. BACKGROUND**

Plaintiffs purchased a home in 2007 by taking out a loan from IndyMac Bank FSB ("IndyMac"). FAC ¶ 11. The Deed of Trust was recorded in the Official Records of Santa Clara County on June 18, 2007. *Id.* ¶ 12; Ex. A to Request for Judicial Notice ("RJN"), ECF 40.[2] Thereafter, a Corporate Assignment of Deed of Trust was recorded on June 21, 2010, under which the FDIC as receiver for IndyMac assigned all interest under the Deed of Trust to OneWest Bank FSB ("OneWest Bank"). Ex. B to RJN, ECF 40. OneWest Bank later became CIT Bank. *See* FAC ¶ 4. As for the chain of substitution for trustees, IndyMac substituted Quality Loan Service Corp. as the trustee on June 9, 2009. Ex. C to RJN, ECF 40. Thereafter, on December 21, 2016, OneWest Bank substituted NBS Default Services, LLC ("NBS"), which remains as the trustee. Ex. D to RJN, ECF 40.

Plaintiffs filed this action in state court around April 25, 2017 alleging that Defendants attempted to wrongfully foreclose Plaintiffs' property. Notice of Removal 1. CIT Bank was served with the summons and complaint on August 2, 2017. *Id.* On August 25, 2017, Plaintiffs sought an *ex parte* temporary restraining order ("TRO") against the foreclosure sale of Plaintiffs' property. *Id.* The state court issued the TRO and an order to show cause ("OSC") why a preliminary injunction should not be issued. *Id.* at 1–2. On August 31, 2017, CIT Bank removed this action to this District with NBS' consent. *Id.* at 1; ECF 4. On October 3, 2017, Plaintiffs filed a declaration to withdraw the OSC for preliminary injunction. Rodriguez Decl., ECF 26. The declaration provides that CIT Bank sent a letter stating that it had received a complete loan

---

[2] As discussed below, the Court grants CIT Bank's Request for Judicial Notice.

2

modification application and would "review the application for mortgage assistance." *Id.*

After this action was removed, Plaintiffs filed their FAC on September 22, 2017. The FAC alleges the following. Plaintiffs' deed of trust was securitized and a pooling and servicing ("PSA") agreement for the trust was filed with the SEC. FAC ¶¶ 18–21, 63. The purported securitization of the loan caused a splitting of the interest in Plaintiffs' note and deed of trust. *Id.* ¶ 30. Due to this splitting of interest, the transfer of the deed of trust to Defendants did not occur and thus Defendants have no right to take any action against Plaintiffs' property. *Id.* ¶¶ 25–30, 67, 69–75. Although Defendants have no interest in the deed of trust, they unlawfully attempted to foreclose Plaintiffs' property. *Id.* ¶¶ 17, 75–77.

The FAC further alleges that Plaintiffs "applied for a loan modification on August 2, 2017, by submitting a complete application to [CIT Bank]." *Id.* ¶ 119. According to the FAC, CIT Bank sent a letter dated August 22, 2017 denying Plaintiffs' August 2, 2017 application due to an "imminent foreclosure sale" scheduled on August 28, 2017 and engaged in dual tracking. See *id.* ¶¶ 115–26.

Based on the above allegations, the FAC asserts six causes of action: (1) wrongful foreclosure; (2) violation of California Civil Code § 2924(a)(6); (3) declaratory relief; (4) violation of California Business and Professions Code § 17200, (5) breach of the covenant of good faith and fair dealing; (6) violation of California Civil Code § 2923.6. *Id.* ¶¶ 62–126.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**B. Request for Judicial Notice**

In connection with its motion to dismiss, CIT Bank filed a Request for Judicial Notice ("RJN") of a (1) Deed of Trust for the property at issue recorded on June 18, 2007; (2) Corporate Assignment of Deed of Trust recorded on June 11, 2010; (3) Substitution of Trustee recorded on June 9, 2009; (4) Substitution of Trustee recorded on December 21, 2016; (5) Modification Agreement executed on December 10, 2011 and recorded on January 27, 2011; and (6) Notice of Default and Election to Sell Under Deed of Trust recorded on March 10, 2017. *See* ECF 30-1; ECF 40. All of these documents are recorded in the Official Records of Santa Clara County. ECF 30-1. These documents are properly subject to judicial notice because they are either incorporated by reference into the FAC or they are official public records. *See* Fed. R. Evid. 201(b)(2); *see also Gamboa v. Trustee Corps & Cent. Mortgage Loan Servicing Co.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust because "[t]hese documents are central to Plaintiffs' allegations that Defendants were not entitled to initiate a foreclosure sale of their property. These documents are also part of the public record and are easily verifiable.") Accordingly, CIT Bank's RJN is GRANTED.

## III. DISCUSSION

The Court now turns to CIT Bank's motion to dismiss each claim asserted in the FAC under Rule 12(b)(6). For the reasons that follow, CIT Bank's motion to dismiss the FAC is GRANTED without leave to amend.

**A. First Cause of Action: Wrongful Foreclosure**

Under the first cause of action, Plaintiffs allege that Defendants' attempt to foreclose the property at issue was unlawful because the interest in Plaintiffs' loan was not transferred to Defendants due to securitization of the loan. FAC ¶¶ 62–77. CIT Bank argues that Plaintiffs lack standing to challenge the purported securitization of their loan because no foreclosure has occurred. Mot. 6. Plaintiffs respond that they have a proper cause of action in light of *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016). Opp'n 5–7, ECF 36.

In *Yvanova*, the California Supreme Court held that "a home loan borrower has standing to

claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale." *Yvanova*, 62 Cal. 4th at 942–43. That holding is of no help to Plaintiffs, as they failed to allege that a nonjudicial foreclosure sale took place. Under California law, a borrower lacks standing to file a lawsuit to preempt a nonjudicial foreclosure. *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814–15 (Ct. App. 2016). Nothing in *Yvanova* suggests that a borrower may bring a preemptive claim for wrongful foreclosure. To the contrary, the California Supreme Court expressly limited the reach of its holding: "We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Yvanova*, 62 Cal. 4th at 924. In fact, *Keshtgar v. U.S. Bank, N.A.*, a case cited by Plaintiffs, expressly holds that *Yvanova* did not change California law that prohibits a borrower from filing an action to preempt foreclosure. 2016 Cal. App. Unpub. LEXIS 5822, *7–8 (August 8, 2016).

Accordingly, Plaintiffs lack standing to pursue the first cause of action as they do not plead that a foreclosure sale took place. CIT Bank represents that no foreclosure occurred and that it has been postponed, Mot. 2, and Plaintiffs do not argue otherwise in their opposition. Plaintiffs' lack of standing cannot be cured by an amendment. *In re Turner*, 859 F.3d 1145, 1151 (9th Cir. 2017) (affirming the district court's dismissal of the wrongful foreclosure claim because any amendment would have been futile). The Court therefore GRANTS CIT Bank's motion to dismiss the first cause of action without leave to amend.

**B. Second Cause of Action: Violation of California Civil Code § 2924(a)(6)**

The second cause of action asserts a violation of California Civil Code § 2924(a)(6). This section is part of California's Homeowner Bill of Rights ("HBOR"). In relevant part, § 2924(a)(6) provides "[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Plaintiffs allege that Defendants have no interest in

5

1  Plaintiffs' loan and thus violated § 2924(a)(6) by recording a Notice of Default and beginning a

2  foreclosure process. FAC ¶¶ 81–91.

3  Plaintiffs' § 2924(a)(6) claim fails because that section does not provide a private right of

4  action. *See Shetty v. JPMorgan Chase Bank*, No. CV168986, 2017 WL 4685547, at *5 (C.D. Cal.

5  June 23, 2017). Indeed, numerous courts have concluded that the California legislature did not

6  permit injunctive relief or recovery of monetary damages for a § 2924(a)(6) violation. *See, e.g.*,

7  *Lucioni v. Bank of Am., N.A.*, 3 Cal. App. 5th 150, 159 (Ct. App. 2016) (holding that the

8  legislature did not provide for injunctive relief); *Tjaden v. HSBC Bank USA, Nat'l Ass'n*, 681 F.

9  App'x 641, 644 (9th Cir. 2017) (same); *Zeppeiro v. Green Tree Servicing, LLC*, 679 F. App'x 592,

10  593 (9th Cir. 2017) (holding that the HBOR does not provide a right to sue for monetary damages

11  under § 2924(a)(6)). The Court agrees with those courts. The HBOR expressly states specific

12  provisions where a plaintiff may assert a private right of action to sue for monetary damages or

13  injunctive relief. *Zeppeiro*, 679 F. App'x at 593 (citing § 2924.12(b)). Section 2924(a)(6) is not

14  listed in those specific provisions. Thus, the Court concludes that Plaintiffs may not bring a claim

15  for a violation of § 2924(a)(6).

16  CIT Bank's motion to dismiss Plaintiffs' second cause of action is GRANTED without

17  leave to amend.

18  **C. Third Cause of Action: Declaratory Relief**

19  The FAC's third cause of action seeks declaratory relief based on Defendants' purported

20  violations of the Civil Code and Business and Professions Code §§ 17200–17500. FAC ¶ 94. The

21  FAC asserts that "an actual controversy exists as to the rights of Plaintiffs and Defendants

22  regarding Plaintiffs' DOT/Note and the Defendants' standing and capacity to enforce any

23  provisions with said DOT/Note." *Id.* ¶ 95. CIT Bank argues that the FAC's declaratory relief

24  claim fails because it is unnecessary and duplicative of Plaintiffs' other claims. Mot. 9. Plaintiffs

25  offer no response in their opposition.

26  "Declaratory relief is not a substantive cause of action, but rather an equitable remedy for

27  an independent cause of action." *Avila v. Bank of Am.*, No. 17-CV-00222, 2017 WL 3434114, at

28  *2 (N.D. Cal. Aug. 10, 2017) (citing *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018,

1023, n.3 (Cal. Ct. App. 2000)). As discussed in this order, all other causes of action pled in the FAC are dismissed. Hence, there is no basis for the Court to issue declaratory relief.

The Court therefore GRANTS CIT Bank's motion to dismiss Plaintiffs' third cause of action without leave to amend.

### D. Fourth Cause of Action: Violation of California Business and Professions Code § 17200

The fourth cause of action asserts a violation of California Business and Professions Code § 17200 ("UCL"). Under the UCL, Plaintiffs allege that Defendants engaged in various deceptive business practices by attempting to collect on a debt that was void. FAC ¶¶ 99–100. Plaintiffs further allege that Defendants' business practices violated California statutory laws and public policies of promoting home ownership and preventing foreclosures. *See id.* ¶¶ 99–104.

To state a claim under the UCL, Plaintiffs must allege that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice" as a result of which Plaintiffs suffered an "injury in fact" and "lost money or property as a result of the unfair competition." *See* Bus. & Prof. Code § 17204; *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (Ct. App. 2008), *as modified* (Jan. 28, 2008). "Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).

Plaintiffs argue that they have alleged that Defendants engaged in fraudulent activities and violated the HBOR. Opp'n 11–12. CIT Bank avers that Plaintiffs' UCL claim fails because it is based on their defective loan "securitization" claim, which has been rejected by California courts, and their defective § 2923.6 dual tracking claim.[3] Mot. 11–12; Reply 6–7. CIT Bank further contends that Plaintiffs lack standing to bring a UCL claim for failing to allege facts that show that it had caused Plaintiffs to suffer any injury. Mot. 12.

The Court is persuaded by CIT Bank's arguments. First, Plaintiffs fail to state a claim under the UCL's "unlawful" prong. Here, Plaintiffs predicate their UCL claim on allegations which fail to state other viable claims. For example, as discussed in other parts of this order, the

---

[3] As discussed below, the Court dismisses Plaintiffs' sixth cause of action based on § 2923.6.

7

Court finds that the FAC's allegations fail to support a wrongful foreclosure claim based on the purported securitization of the loan (first cause of action) and a dual tracking claim under California Civil Code § 2923.6 (sixth cause of action). Without pleading a violation of another statutory or common law, Plaintiffs' UCL claim under the unlawful prong fails. *Kaurloto v. U.S. Bank, N.A.*, No. 16-CV-06652, 2016 WL 6808117, at *7 (C.D. Cal. Nov. 17, 2016) ("A UCL claim stands or falls 'depending on the fate of antecedent substantive causes of action.'" (quoting *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (Ct. App. 2001), *as modified* (May 22, 2001)).

Second, Plaintiffs fail to plead a claim under the UCL's "unfair" prong. An alleged "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003). Here, Plaintiffs appear to attempt to satisfy this requirement by alleging a laundry list of California statutes. *See* FAC ¶¶ 99–102. However, the FAC merely alleges violations of various statutes in conclusory terms without sufficient factual allegations. *See id.* As such, the FAC's allegations are inadequate to state a UCL claim because they largely consist of legal conclusions. *See Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (allegations that are no more than legal conclusions are not entitled to an assumption of truth).

Third, Plaintiffs fail to state a UCL claim under the "fraudulent" prong. A UCL claim based on fraud must satisfy Rule 9(b)'s heightened pleading requirements. *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1073 (N.D. Cal. 2012). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Here, the FAC fails to plead with particularity who, where, and when any employee or agent of Defendants engaged in fraudulent conduct in violation of the UCL. Rather, the FAC merely alleges fraudulent conduct in conclusory terms.

More importantly, to have standing to assert a UCL claim, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*,

51 Cal.4th 310, 322 (2011) (emphasis in original). Here, the FAC does not satisfy the first prong. Plaintiffs fail to adequately plead that damages have been incurred as a result of any purported violations of the UCL. Also, the foreclosure has been postponed, and thus the sale of Plaintiffs' property has not occurred. As such, Plaintiffs do not allege that they have "lost money or property as a result of the unfair competition" for reason of a foreclosure sale. *Kaurloto*, 2016 WL 6808117, at *8 (holding that the plaintiff lacked standing to assert a UCL claim where foreclosure of the property had not occurred); *see also Zeppeiro*, 679 F. App'x at 593; *Hosseini v. Wells Fargo Bank, N.A.*, No. C-13-02066, 2013 WL 4279632, at *8 (N.D. Cal. Aug. 9, 2013).

Moreover, even if the threat of foreclosure were to constitute cognizable injury under the UCL, Plaintiffs cannot establish standing under the second prong. "A plaintiff fails to satisfy this causation requirement if he or she would have suffered the same harm whether or not a defendant complied with the law." *In re Turner*, 859 F.3d at 1151 (internal quotation marks omitted). Plaintiffs do not dispute that they defaulted on the loan before they applied for a loan modification on August 2, 2017. Ex. F to RJN (notice of default recorded on March 10, 2017). Hence, Plaintiffs' default would have led to foreclosure regardless of Defendants' purported conduct. *In re Turner*, 859 F.3d at 1151 (holding that the plaintiffs could not assert standing because their failure to make loan payments caused the default regardless of the alleged deficiencies in the deed of trust that were caused by defendants' conduct). In addition, Plaintiffs' allegations regarding their dual tracking claim cannot satisfy the causation requirement because the foreclosure has been postponed and CIT Bank has received and reviewed Plaintiffs' complete loan modification application (*see* Rodriguez Decl.). Plaintiffs therefore cannot establish the second "causation" prong for standing under the UCL. *Id.* An amendment cannot cure these deficiencies.

For the above reasons, the Court GRANTS CIT Bank's motion to dismiss the fourth cause of action without leave to amend.

**E. Fifth Cause of Action: Breach of the Covenant of Good Faith and Fair Dealing**

The FAC alleges a breach of the implied covenant of good faith and fair dealing under the fifth cause of action. This claim relies on the allegation that Defendants "breached the implied covenant by foreclosing on a property in which [they] had no beneficial interest" and "attempted

9

to collect from a deed of trust that they did not have any interest." FAC ¶ 108. CIT Bank contends that this claim fails because Defendants had authority to receive mortgage payments and foreclose the property. Mot. 13. CIT Bank further asserts that Plaintiffs fail to plead that it interfered with Plaintiffs' ability to perform their contractual mortgage obligations. *Id.* Plaintiffs respond that there was a breach of the covenant of good faith and fair dealing because Defendants recorded a notice of default and notice of trustee sale even though Defendants had no interest in the deed of trust. Opp'n 14.

"California law, like the law in most states, provides that a covenant of good faith and fair dealing is an implied term in every contract." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 996 (9th Cir. 2002). The elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his/her obligations thereunder; (3) any conditions precedent to defendant's performance occurred; (4) defendant "unfairly interfered" with plaintiff's right to receive the benefits of the contract; and (5) plaintiff was harmed by defendant's conduct. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010). Here, the FAC points to the loan agreement as the contract at issue. *See* FAC ¶ 108. However, as CIT Bank argues, the FAC merely alleges that Defendants have no interest in the loan but fails to plead how Defendants "unfairly interfered" with Plaintiffs' right to receive benefits of the loan agreement. Therefore, Plaintiffs have not pled a claim for breach of the covenant of good faith and fair dealing. *Rosenfeld*, 732 F.Supp.2d at 968 (one required element is whether the defendant "unfairly interfered" with the plaintiff's right); *see also Kaurloto*, , 2016 WL 6808117, at *6.

Moreover, "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract." *Pasadena Live, LLC v. City of Pasadena*, 8 Cal. Rptr. 3d 233, 237 (Ct. App. 2004) (emphasis in original). The covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Agosto v. Astor*, 120 Cal.App.4th 596, 607 (Ct. App. 2004). Plaintiffs, however, have not alleged any express terms of the loan agreement which Defendants have breached.

Instead of pointing to express terms of a contract, Plaintiffs argue that they rely on the FAC's allegations that Defendants have no interest in Plaintiffs' loan due to the purported securitization of the loan. Opp'n 14. As such, Plaintiffs' fifth cause of action flows from the premise that Defendants did not have an interest in Plaintiffs' loan and thus were not entitled to attempt to foreclose Plaintiffs' property. But, as discussed earlier, a borrower does not have standing to preemptively challenge the validity of assignments before a nonjudicial foreclosure occurs. *See Saterbak*, 245 Cal. App. 4th at 814. Thus, Plaintiffs cannot assert a claim for breach of the implied covenant of good faith and fair dealing on this ground. *Kaurloto*, 2016 WL 6808117, at *7 (dismissing breach of covenant of good faith and fair dealing claim which was based on a pre-foreclosure challenge to the securitization of loan). As discussed above, Plaintiffs lack standing to preemptively challenge the validity of Defendants' interest in the loan at issue and an amendment cannot cure this deficiency. In addition, even assuming the loan was securitized, there is no breach of the terms of Plaintiffs' loan agreement because the deed of trust does not preclude securitization of the loan. Ex. A to RJN ¶ 20 ("The Note or a partial interest in the Note . . . can be sold one or more times without prior notice to Borrower."). Thus, the fifth cause of action cannot survive the motion to dismiss.

Plaintiffs further contend that "Defendants are in breach of the covenant of good faith and fair dealing by setting a trustee sale date when Plaintiffs were in loan modification review." Opp'n 14. However, such a "dual tracking" allegation is pled as a basis for violation of California Civil Code § 2923.6 under the sixth cause of action. The fifth cause of action neither specifically alleges nor relies on the purported "dual tracking" violation. Even if Plaintiffs were allowed to amend the complaint to add a "dual tracking" violation as a basis for the fifth cause of action, that amendment would be futile because Plaintiffs' dual tracking claim fails as discussed below. Moreover, Plaintiffs provide no indication how the dual tracking allegation supports a showing of a breach of any express terms of the loan agreement. *Pasadena Live*, 8 Cal. Rptr. 3d at 237 ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract." (emphasis in original)).

Accordingly, CIT Bank's motion to dismiss the fifth cause of action is GRANTED without

11

leave to amend.

### F. Sixth Cause of Action: Violation of California Civil Code § 2923.6

Plaintiffs' sixth cause of action alleges a violation of California Civil Code § 2923.6. Plaintiffs rely on § 2923.6(c) and alleges that CIT Bank engaged in "dual tracking." FAC ¶ 118. Specifically, when Plaintiffs filed their complaint in 2017, § 2923.6(c) provided in relevant part that:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6 (2017). This section remained in effect only until January 1, 2018, and as of that date was repealed. Cal. Civ. Code § 2923.6(k) (2017). Effective January 1, 2018, the language cited above in § 2923.6(c) was removed. *See* Cal. Civ. Code § 2923.6 (2018). That said, similar language was added to § 2924.11(a).[4] Cal. Civ. Code § 2924.11 (2018).

"[A]bsent a savings clause, repeals of *statutory enactments* must apply retroactively to pending cases." *Jacobik v. Wells Fargo Bank, N.A.*, No. 17-CV-05121, 2018 WL 1184812, at *3 (N.D. Cal. Mar. 7, 2018) (emphasis added) (quoting *Palmer v. Stassinos*, 419 F. Supp. 2d 1151, 1155 (N.D. Cal. 2005) (explaining that the presumption against retroactivity does not apply when a statutory enactment repeals a statute that provides a purely statutory cause of action)). "Repeal

---

[4] Beginning January 1, 2018, a new "dual tracking" provision is provided under § 2924.11, which includes similar language as the pre-2018 version of § 2923.6(c). Specifically, the 2018 version of § 2924.11(a) provides that:

> if a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative.

Cal. Civ. Code § 2924.11 (2018). Both the pre-2018 version of § 2923.6 and the 2018 version of § 2924.11(a) were enacted in the same legislative bill and passed by the California legislature in 2012. 2012 Cal. Stat. ch. 86 (A.B. 278).

12

of a statute terminates all claims under that statute, even for alleged violations of the statute that occurred before the repeal." *Jacobik*, 2018 WL 1184812, at *3 (citing *Beverly Hilton Hotel v. Workers' Comp. Appeals Bd.*, 176 Cal. App. 4th 1597, 1602, 1611 (Ct. App. 2009)). "The justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time." *Id.* (quoting *Palmer*, 419 F. Supp. 2d at 1156).

The Court does not need to analyze the effect of the repeal of the pre-2018 version of § 2923.6 because Plaintiffs' sixth cause of action fails under the pre-2018 version for the following reasons.[5]

Here, the FAC's dual tracking claim is based on the allegation that "Plaintiffs applied for a loan modification on August 2, 2017, by submitting a complete application to [CIT Bank]" but CIT Bank sent a letter dated August 22, 2017 denying Plaintiffs' August 2, 2017 application due to an "imminent foreclosure sale" scheduled for August 28, 2017. FAC ¶¶ 119–21. A dual tracking violation may occur if the borrower submitted a complete application for loan modification. Specifically, § 2923.6(c)(1) provides that "[i]f a borrower submits a *complete application* for a first lien loan modification . . . the borrower's mortgage servicer . . . shall not . . . conduct a trustee's sale[] while the complete first lien loan modification application is pending."[6] Section 2923.6(h) states in part that "an application shall be deemed complete when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer." Cal. Civ. Code 2923.6(h) (2017).

CIT Bank asserts that the "dual tracking" claim fails because Plaintiffs' loan modification application was incomplete in August 2017. Mot. 15. According to CIT Bank, Plaintiffs submitted additional documents to complete their application, "resulting in their review for loan modification, postponement of the foreclosure sale, and Plaintiffs' counsel's withdrawal of the [request for] preliminary injunction against foreclosure." *Id.* In fact, on October 3, 2017,

---

[5] The Court need not evaluate the 2018 version of § 2924.11(a) because the deficiencies identified in this order also exist under the language of the 2018 version of § 2924.11(a).
[6] Unless explicitly stated, the Court refers to the pre-2018 version of the statute in this order.

13

1 Plaintiffs filed a declaration withdrawing their request for preliminary injunction and indicated

2 that no foreclosure sale was pending. Rodriguez Decl. The declaration further provides that

3 Plaintiffs received a letter dated September 28, 2017 in which CIT Bank stated that it had received

4 all required documents for Plaintiffs' loan modification application and thus would begin

5 reviewing Plaintiffs' application. *Id.*; Ex. 1 to Rodriguez Decl., ECF 26. Hence, although

6 Plaintiffs allege that they submitted a complete application on August 2, 2017 (FAC ¶ 119), that

7 allegation is contradicted by Plaintiffs' October 3, 2017 declaration. The allegation that Plaintiffs

8 submitted a "complete application" on August 2, 2017 is a conclusory allegation that does not

9 suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

10 Because Plaintiffs' own declaration shows that there was no complete loan modification submitted

11 to CIT Bank in August 2017, Plaintiffs' dual tracking claim based on the alleged August 22, 2017

12 letter fails. This deficiency cannot be cured by an amendment, and Plaintiffs' opposition offers no

13 indication that they can cure the deficiency.

14 CIT Bank also points out that Plaintiffs have been previously approved for a loan

15 modification. Mot. 14. Indeed, on January 27, 2011, Plaintiffs were approved for a loan

16 modification. Ex. E to RJN, ECF 40. Section 2923.6(g) only "obliges mortgage servicers to

17 evaluate new loan modification applications from borrowers who have previously been evaluated

18 . . . when those borrowers have experienced a material change in financial circumstances that was

19 documented and submitted to the mortgage servicer." *Morton v. Wells Fargo Bank, N.A.*, No. 16-

20 CV-05833, 2016 WL 7117041, at *3 (N.D. Cal. Dec. 7, 2016) (internal quotation mark omitted);

21 Cal. Civ. Code § 2923.6(g) (2017). Because Plaintiffs had accepted a previous loan modification

22 in 2011, CIT Bank had no obligation to review their August 2, 2017 loan modification unless

23 Plaintiffs had submitted documentation establishing a material change in their financial

24 circumstances. *Id.* at *3–4. However, the FAC contains no allegations that show that Plaintiffs

25 experienced a material change in their financial circumstances. Nor have Plaintiffs provided any

26 purported facts showing that they could sufficiently plead a material change in their financial

27 circumstances. As a result, Plaintiffs are not entitled to the protections of § 2923.6. *Id.*, at *4

28 (dismissing claims under § 2923.6(c) and (f) for failing to state a claim for relief under 2923.6(g)).

14

In their opposition, Plaintiffs argue that § 2923.6(f) requires the mortgage servicer to send a written notice to the borrower identifying the reasons for denial of a first lien loan modification application and that CIT Bank violated § 2923.6 because it "failed to provide Plaintiffs their rightful denial period of 31 days." Opp'n 10; FAC ¶¶ 124–25. Here, Plaintiffs appear to reference § 2923.6(e)(1) which prohibits the mortgage servicer from recording a notice of default or notice of sale, or conducting a trustee's sale within thirty-one days after the borrower is notified in writing of the denial. Cal. Civ. Code § 2923.6(e)(1) (2017).

CIT Bank avers that there has been no § 2923.6 violation because Plaintiffs' "application for loan modification was still incomplete on August 22, 2017." Mot. 15. The Court agrees. As discussed above, there was no complete loan modification submitted to CIT Bank in August 2017. Without a complete application, CIT Bank had no obligation to review Plaintiffs' loan modification application, and it was neither obligated to provide a written denial as required by the statute nor impeded from proceeding with a foreclosure sale. *Cf. Morton v. Wells Fargo Bank, N.A.*, No. 16-CV-05833, 2016 WL 7117041, at *3 (N.D. Cal. Dec. 7, 2016) (holding that the defendant was not required to provide a written denial in accordance with 2923.6(f) when there was no obligation to review a loan modification); *Castaneda v. Wells Fargo Home Mortg.*, No. 2:15-CV-08870, 2016 WL 777862, at *4 (C.D. Cal. Feb. 26, 2016); *Valentino v. Select Portfolio Servicing, Inc.*, No. 14-CV-05043, 2015 WL 1906122, at *4 (N.D. Cal. Apr. 24, 2015) ("With no complete application submitted, the HBOR provides no impediment to foreclosure.").

CIT Bank further argues that the sixth cause of action is moot because it has reviewed Plaintiffs' complete loan modification application and the foreclosure sale has been postponed. Mot. 15. Plaintiffs offer no response to this argument.

As CIT Bank asserts, if the home has not yet been sold, the plaintiff is entitled to "only injunctive relief" under HBOR. *Galindo v. BSI Fin. Servs., Inc.*, No. 17-CV-00021, 2017 WL 1036735, at *4 (N.D. Cal. Mar. 17, 2017); Cal. Civ. Code § 2924(a)(1). Here, the FAC does not specify any injunctive relief which Plaintiffs seek under § 2923.6. Rather, Plaintiffs seek "any damages they may have suffered" and "reasonable attorney's fees and costs" under their § 2923.6 claim. FAC ¶ 127. But Plaintiffs may not seek damages under the statute because they do not

allege that their home has been sold. *Galindo*, 2017 WL 1036735, at *4. To the extent that Plaintiffs might seek injunctive relief to cure the purported violation of their "rightful denial period of 31 days" based on CIT Bank's August 22, 2017 letter, their request is moot because 31 days have already passed since August 22, 2017 and the foreclosure sale has been postponed.

Accordingly, the FAC's sixth cause of action fails to state a claim. As discussed above, Plaintiffs cannot cure the identified deficiencies, in particular, because there was no complete loan modification application submitted to CIT Bank in August 2017. Therefore, CIT Bank's motion to dismiss the sixth cause of action is GRANTED without leave to amend.

## IV. ORDER

For the foregoing reasons, CIT Bank's Motion to Dismiss is GRANTED. Although the Court recognizes that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting an amendment would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). As discussed above, Plaintiffs' claims cannot be cured by an amendment. Moreover, Plaintiffs have failed to provide any indication that leave to amend would not be futile. Accordingly, Plaintiffs' complaint is DISMISSED without leave to amend. However, the dismissal of the first and fourth claims is without prejudice to Plaintiffs filing a subsequent action for wrongful foreclosure in the event that there is a completed foreclosure and they have facts to support such claims. The Clerk of Court shall close the case.[7]

**IT IS SO ORDERED.**

Dated: April 3, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

[7] No defendants remain in this case. There is no summons returned in the record showing that NBS was ever served with the summons and the complaint in the state court and federal court proceedings. The same deficiency applies to IndyMac and OneWest Bank. In fact, the FAC alleges that IndyMac assigned its interest to OneWest Bank, which later became CIT Bank. FAC ¶ 4; Ex. B to RJN. Moreover, the dismissal of Plaintiffs' FAC is applicable to those three named defendants because the FAC fails to state a claim against those defendants for the same reasons discussed in this order.

16